UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARLENE PARKER,
    Plaintiff,
v.                                Case No. 3:04-cv-151-J-99-MCR

SUNLIFE ASSURANCE COMPANY OF CANADA,
and the FLAGLER COUNTY SCHOOL BOARD,
    Defendants.
_____/

## ORDER

Before the Court is a Motion for Summary Judgment filed by Defendant Sun Life Assurance Company of Canada (Doc. No. 25, filed on April 29, 2005) and Plaintiff's Response (Doc. No. 35, filed on May 20, 2005). Also before the Court is Plaintiff's Motion for Order of Referral to Mediate (Doc. No. 36, filed on July 7, 2005) and Defendant's Response in opposition (Doc. No. 37, filed on July 18, 2005).

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). When a moving party has discharged its burden, the nonmoving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the nonmovant, Key West Harbor v. City of Key West, 987 F.2d 723, 726 (11th Cir. 1993), and resolve all reasonable doubts in that party's favor. Spence v. Zimmerman, 873 F.2d 256, 257 (11th Cir. 1989).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. Augusta Iron and Steel Works v. Employers Insurance of Wausau, 835 F.2d 855, 856 (11th Cir. 1988). It must be emphasized that the mere existence of some alleged factual dispute will not defeat an otherwise properly supported summary judgement motion. Rather, "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

This case involves a review of Defendant's denial of Plaintiff's claim for continuing long term disability benefits under a disability plan established pursuant to the Employment Retirement Income Security Act ("ERISA") and carried by her employer, the School District of Flagler County. The parties agree that the administrator had discretion to determine eligibility and to interpret disputed terms, and they agree that the standard of review is whether the administrator's decision to deny the benefits was "arbitrary and capricious." Firestone Tire & Rubber Co. v. Bruch, 109 S.Ct. 948 (1989); Jett v. Blue Cross and Blue Shield of Alabama, 890 F.2d 1137, 1139 (11th Cir. 1989); HCA Health Services v. Employers Health Insurance Company, 240 F.3d 983 (11th Cir. 2001). Therefore, the Court must evaluate whether the claims administrator made a legally correct interpretation of the plan or whether it was "wrong" and the denial was arbitrary and capricious. Id. at 993-94 and *n.*23.

That is, this Court must determine whether there was a "reasonable basis for the denial" of the benefit based upon the facts as known to the administrator at the time the decision was made. HCA Health Serv., 240 F.3d at 993-94; Jett, 890 F.2d at 1139. Conversely, this Court should reverse the denial of benefits only if the denial is "completely unreasonable." Brown v. Blue Cross & Blue Shield of Ala., Inc., 898 F.2d 1556, 1564 (11th Cir. 1990).

Plaintiff bears the burden of showing that the administrator's decision was arbitrary and capricious. See Mann v. Prudential Ins. Co. of America, 790 F.Supp 2d 1145, 1151 (S.D. Fla. 1992). If the interpretation made was legally correct and, therefore, not "wrong," the Court need not continue with any further analysis.

**Analysis**

It is undisputed that Plaintiff suffers from bipolar disorder and received long term disability benefits for twenty-four months pursuant to the policy. After twenty-four months, the policy provides a limitation for "mental illness" and states that the benefits "will only be payable if the Employee is confined in a hospital or institution licensed to provide psychiatric treatment." It is also undisputed that Plaintiff is not confined in any such hospital or institution. Instead, Plaintiff contends that her disability is due to a physical impairment rather than a mental illness so that the limitation for continued benefits does not apply. "Mental illness" is defined in the policy as "mental, nervous, psychological, emotional diseases, or behavioral disorders of any type." (Policy, Section II, emphasis added.)

Plaintiff contends that the policy's term "mental illness" is ambiguous to a lay person because a person's condition could be based on organic, genetic, physical or chemical causes rather than functional causes or manifestations, and each has various treatment methods. Plaintiff, therefore,

contends that because the definition is ambiguous, it should be construed in her favor, as the insured. Plaintiff relies upon Arkansas BCBS, Inc. v. Doe 733 S.W. 2d 429 (Ark. App. 1987) to show that some courts characterize bipolar disorder as a physical rather than a mental illness. However, the same court that decided the Doe case, later explained specifically that it made its decision in Doe based upon conflicting evidence about the disorder, and that it "did not hold that, as a matter of law, the insured's bipolar disorder was biological in nature and therefore not subject to the coverage limitation." Elam v. First Unum Life Ins. Co., 32 S.W. 3d 486, 488 (Ark. App. 2000) (discussing Doe). Here, the Plaintiff has not presented evidence sufficient to raise a genuine question of material fact as to whether her bipolar disorder was physical and should have been covered under the policy.

Binding authority is found in an Eleventh Circuit Court of Appeals case involving postpartum depression caused by pregnancy, which the plaintiff claimed was a physical sickness. Blake v. Unionmutual Stock Life Ins. Co., 906 F.2d 1525 (11th Cir. 1990). The Eleventh Circuit applied a *de novo* review (because the claims administrator did not have discretion) and affirmed judgment in favor of the insurer, concluding that the plaintiff's evidence failed to demonstrate that she suffered an organic mental illness. Therefore, the ERISA benefits were limited under a mental illness section of the policy which was similar to the one in the instant case.

Here, as the parties agree, the standard of review is whether the Plaintiff is able to carry her burden of proving that the administrator's interpretation of the policy was "wrong" and that the denial of continued benefits was "arbitrary and capricious" based on its decision that her condition is a mental illness as defined and limited by the terms of the policy. Plaintiff presented very little evidence to support her position that her illness is physical. She cites to a report dated October 2001, written by a Licensed Clinical Social Worker, which states that her bipolar disorder worsened "probably due to

a combination of changing body chemistry . . . ." (Record, Parker # 0118.) However, the Court finds that the same report starts with the statement that Plaintiff "was referred to [the undersigned] for supportive psychotherapy in an effort to help stabilize her severe chronic Bipolar I Disorder, a mental illness." (Record, Parker # 0116, emphasis added.) On the other hand, there is an overwhelming amount of medical records and evidence presented by Defendant showing that Plaintiff suffered a mental illness as defined by the policy. Therefore, the Court finds that the claims administrator made a legally correct interpretation of the policy based on the information before it, and its denial of continued benefits was not arbitrary nor capricious.

Although not binding precedent, this Court is further persuaded by the sound analysis found in Equitable Life Assurance Society v. Berry, 260 Cal. Rptr. 819 (1989). In Berry, the court construed a policy with a mental illness limitation and definition very similar to the one in the instant case, that is, that "'[m]ental illness' means mental, nervous or emotional diseases or disorders of any type" and that coverage for mental treatment was limited while a patient was not confined to a hospital. The employee in Berry was suffering from manic-depressive illness. The court affirmed summary judgment in favor of the insurer, explaining that the policy clearly excluded "any" mental illness except when the patient is hospitalized. The court reasoned that the policy's express limitation as to mental diseases of "any type" excludes all mental diseases from coverage "regardless of whether the disability was caused by a chemical imbalance . . . ." Id. at 824. It explained that the policy limiting coverage of "any" kind of mental disease is "simply not susceptible of the construction that only functionally but not organically caused mental illnesses are excluded." Manifestation, not cause, of the illness is the "yardstick" and "every reasonable layman would view" the manifestations of a person's symptoms as one suffering from mental illness. Id. The court concluded that the policy was

not ambiguous and made no distinction between organically or functionally caused mental illnesses. See also Brundy v. Dugger, 850 F.2d 1402, n. 6 (11th Cir. 1990) (commenting in dicta regarding competency of a defendant that a "bipolar mood disorder is better known as manic depressive mental illness.") (emphasis added). Likewise, the Court finds that the policy in this case is not ambiguous and limits "any" mental illness without making a distinction between being organic or functional.

In conclusion, the medical evidence overwhelmingly supports the administrator's interpretation of the policy and discretionary decision to deny Plaintiff's continued benefits because she had been suffering from "any" mental illness for longer than twenty-four months and was not hospitalized. That is, the Court finds that there was a "reasonable basis for the denial" of the benefits. Based on the genuine undisputed material facts in evidence and the applicable standard of review, therefore, the Court has no choice but to find that Plaintiff cannot meet her burden of showing that the administrator's interpretation of the policy's mental illness limitations was "wrong" or that its decision to deny the continued disability benefits was arbitrary and capricious, thus ending the analysis. HCA Health Services, Inc., 240 F.3d at 994. Accordingly, it is

**ORDERED and ADJUDGED** that:

(1) The Motion for Summary Judgment filed by Defendant Sun Life Assurance Company of Canada (Doc. No. 25, filed on April 29, 2005) is **GRANTED** and Plaintiff shall take nothing from Defendant;

(2) Plaintiff's Motion for Order of Referral to Mediate (Doc. No. 36, filed on July 7, 2005) is, therefore, **MOOT**;

(3) The Pretrial Conference scheduled for September 29, 2005 at 10:30 a.m. is cancelled; and

(4) The Clerk shall close the file.

**DONE AND ENTERED** at Jacksonville, Florida this 29th day of July, 2005.

_____
HARVEY E. SCHLESINGER
United States District Judge

Copies to:

Marie Tomassi, Esq.
David W. Glasser, Esq.